Joseph R. Re (State Bar No. 134,479)
2jrr@kmob.com
Benjamin A. Katzenellenbogen (State Bar No. 208,527)
2bak@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff ADVANCED
THERMAL SCIENCES CORPORATION

[FOR A COMPLETE LISTING OF PLAINTIFF'S/COUNTER-
DEFENDANT'S COUNSEL REFER TO SIGNATURE PAGE]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ADVANCED THERMAL SCIENCES CORPORATION, a Delaware Corporation | Civil Action No. SACV 07-1384 JVS (JWJx) |
| Plaintiff, | ATS' PROTECTIVE ORDER |
| v. | |
| APPLIED MATERIALS, INC., a Delaware Corporation, | Referred to Magistrate Judge Jeffrey W. Johnson |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

**NOTE: CHANGES MADE BYT THE COURT IN BOLD**

WHEREAS, Plaintiff Advanced Thermal Sciences Corporation ("ATS") and Defendant Applied Materials, Inc. ("Applied") (collectively "the parties") are involved in the highly competitive business of developing, designing, and manufacturing components and equipment used in semiconductor wafer and flat panel display fabrication equipment;

WHEREAS, the parties agree that in the course of pre-trial discovery relating to issues of inventorship, development, and ownership of intellectual property, the parties will likely seek disclosure of technical information that contains highly confidential, trade secret, or proprietary information of the parties, which the parties have taken reasonable steps to maintain as trade secrets.   For example, through document requests, interrogatories, and deposition testimony, the parties will likely seek discovery from each other that requires disclosure of highly confidential research and development procedures, technical product schematics and product operational descriptions;

WHEREAS, the parties agree that the disclosure of confidential proprietary information, including protected trade-secrets, during discovery in this case without appropriate confidentiality restrictions, or permitting unnecessary access to such confidential proprietary information, would substantially injure the disclosing party and provide a significant competitive advantage to competitors of the disclosing party;

WHEREAS, to expedite the flow of pre-trial discovery materials, protect the confidentiality of the trade secret and proprietary technical information, ensure that protection is afforded only to materials so entitled, facilitate the prompt resolution of disputes over confidentiality, and eliminate the need for repeated requests that the Court become directly involved in the discovery process; and

WHEREAS, the parties have established good cause for entry of such an Order;

IT IS HEREBY ORDERED:

## DEFINITIONS

1. "Party": any party to this action, including all of its officers, directors, employees, and those acting on its behalf.

2. "Material": all items or information, regardless of the medium or manner generated, stored, or maintained, including but not limited to: documents or portions of documents; written discovery responses; electronic data; electronic copies of documents; trial testimony, deposition testimony and exhibits, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom; designs, technical data, or drawings; and any portion of any documents, including court paper filed in this action, that quotes or summarizes any of these items.

3. "Designated Material": any Material that has been designated as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS AND CONSULTANTS ONLY" under this Order.

4. "CONFIDENTIAL" information, documents or things: information not generally known to others, and which the Designating Party (*i*) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (*ii*) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

5. "TDSF CONFIDENTIAL" information is (i) technical information regarding manufacture, construction, development, function, or operation of any TDSF equipment, system or device created during the course of the TDSF Statement of Work that the Designating Party contends was "Jointly Developed" under the terms of the Joint Development Agreement; and (ii) filed patent applications relating to such technology.

- 2 -

6. "<u>HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY</u>" information, documents and things: information not generally known to others and having significant competitive or economic value such that the unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (*i*) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (*ii*) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" information may include, but is not limited to, the following: (i) technical information regarding manufacture, construction, development, function, or operation of any past, present, or future product or service other than the TDSF technology described in Paragraph 5; (ii) technical information regarding manufacture, construction, development, function, or operation of any TDSF equipment, system or device that the Designating Party contends was its "Pre-Existing IP" or its separately "Developed IP" under the terms of the Joint Development Agreement; (iii) financial information, such as pricing, income, profits, losses, expenses, costs, overhead, royalty rates, or sales quantities relating to any past, present, or future product or service; (iv) contractual relationships with third parties, including, but not limited to, agreements in settlement of litigation; (v) business, financial or marketing plans, projections, or data; (vi) the identity of customers or suppliers; (vii) research and development materials, including product and market research; (viii) unpublished patent applications other than those covering the TDSF technology described in Paragraph 5; (ix) trade secrets; and (x) documents that contain, disclose, or reflect confidential business, commercial, financial, or other similarly sensitive information of a non-public nature.

///

7. "<u>Producing Party</u>": a Party or non-party that produces Material in this action.

8. "<u>Receiving Party</u>": a Party that receives Material from a Producing Party.

9. "<u>Designating Party</u>": a Party or non-party that designates information, documents, or things that are produced in disclosures, responses to discovery, or otherwise in the course of this action as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY," or which a Party designates pursuant to Paragraph 15(e).  Non-Parties that produce Material in this action may designate Material under this Protective Order in the same manner as Parties.

10.    "<u>Outside Counsel</u>":  the law firms identified below, and attorneys, paralegals, secretaries, and other support staff employed in the law firms to whom it is reasonably necessary to disclose the information for this litigation:

KNOBBE, MARTENS, OLSON & BEAR, LLP

JACKSON DEMARCO TIDUS PECKENPAUGH

SQUIRE, SANDERS & DEMPSEY LLP

ORRICK, HERRINGTON & SUTCLIFFE LLP

11.    "<u>Outside Consultant</u>": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or a direct competitor of the opposing Party with regard to temperature control systems for semiconductor applications and who, at the time of retention, is not anticipated to become an employee of a Party or a direct competitor of the opposing Party with regard to temperature control systems for semiconductor applications.

12.    "<u>Professional Vendors</u>":  persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; designing or

- 4 -

preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury consultant or trial consultant retained in connection with this litigation and does not include consultants who fall within the definition of Outside Consultant.

## SCOPE

13.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as any copies, excerpts, summaries, or compilations thereof and testimony and oral conversation disclosing <u>CONFIDENTIAL, TDSF CONFIDENTIAL</u> or <u>HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY</u> information.

## **PROCEDURE FOR DESIGNATING MATERIALS AND TESTIMONY**

14.     Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above, a Designating Party may designate as "TDSF CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, and a Designating Party may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above.

15.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order shall be designated in accordance with Paragraph 16 before the material is disclosed, produced, or filed.

/ / /

/ / /

16.     Designation in conformity with this Order requires:

(a)  <u>Documents:</u>  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" on the first page and each page that contains Designated Material.  This includes (1) written responses to interrogatories or requests for admission and (2) declarations and pleadings.  However, in the event a Producing Party elects to produce documents and things for inspection, no designation need be made prior to the inspection.  For purposes of such inspection, all documents and things shall be considered subject to the protections afforded documents and things labeled "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY."  Upon request for copying of any items so inspected, the Producing Party shall designate such documents with the appropriate designation before copies are delivered to the Receiving Party;

(b)  <u>Testimony</u>:  For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify on the record during the deposition, hearing, or other proceeding, or within thirty (30) calendar days thereof, that specific portions or the entire transcript be designated as  "CONFIDENTIAL"  "TDSF  CONFIDENTIAL"  or  "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY."  Written transcripts of Testimony shall be designated in the same manner as other documents in accordance with Paragraph 16(a).

(c)  For other oral disclosures, the Designating Party shall give notice, within ten (10) calendar days of such disclosure, in writing (by facsimile and email) identifying all protected disclosures and specifying which aspects of those disclosures it wishes to designate as "CONFIDENTIAL," "TDSF

CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY."

(d)  For any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the item or container(s) in which the information or thing is stored the legend "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY."

(e)  If a Producing Party produces Material containing "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" information of another Party without appropriate designation, a non-Producing Party may Designate such Material by providing notice to all parties to this action and to the Producing Party, identifying with particularity the Designated Material to be designated (either by production numbers or by providing other adequate identification of the specific Designated Material), within twenty (20) court days from the date that the Designating Party receives copies of the Designated Material from the Producing Party.

17.   Each Designating Party retains the right to re-designate Designated Material under this Order and to have such re-designated Material treated in accord with such designations from that time forward, subject to the right of the Receiving Party to challenge the propriety of such designation(s) as provided herein.

## INADVERTENT FAILURE TO DESIGNATE

18.   The inadvertent production of information without an appropriate designation of confidentiality shall not be deemed a waiver of the confidential nature of any such information.  Inadvertent failure to designate documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not preclude the Producing

Party from asserting that the production was inadvertent in accordance with Paragraphs 46-48.

19. Upon discovery of an inadvertent failure to designate, a Designating Party may notify the Receiving Party (by fax and email) that the Material is to be designated as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s) as provided herein.

## USE OF DESIGNATED MATERIAL

20. <u>Use of Designated Material By Receiving Party</u>: Designated Material shall be used by the Receiving Party only for purposes of this litigation. Designated Material shall not be used or in any way disclosed by the Receiving Party except as provided under the terms of this Order.

21. <u>Use of Designated Material By Designating Party</u>: Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

## ACCESS TO DESIGNATED MATERIAL

22. <u>Disclosure of Information, Documents and Things Designated "CONFIDENTIAL."</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

/ / /

(a)     two in-house counsel designees, whose job responsibilities include litigation supervision and not the preparation or supervision of the preparation of patent applications, designated by the Receiving Party, who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A, and their paralegals, secretaries, and other legal support staff to whom disclosure is reasonably necessary.  The Receiving Party must identify the in-house counsel designees to the Producing Party and produce a signed copy of the "Acknowledgment and Nondisclosure Agreement" prior to the disclosure of any CONFIDENTIAL Designated Materials to the designee;

(b)     employees of the Receiving Party who's participation in the litigation the Receiving Party believes in good faith is reasonably necessary to the prosecution of this action and who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A.  The Receiving Party must identify such employees to the Producing Party and produce a signed copy of the "Acknowledgment and Nondisclosure Agreement" prior to the disclosure of any CONFIDENTIAL Designated Materials to such employees;

(c)     persons who appear on the face of the Designated Material as an author, addressee or recipient thereof;

(d)     Outside Counsel identified in Paragraph 10 above;

(e)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B, and who have been approved to access such Material as set forth in Paragraphs 28-31.

(f)     the Court and its personnel in this action;

(g)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A;

(h)     court reporters; and

(i)     Professional Vendors (and their staffs) to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A.

23.     <u>Disclosure of Information, Documents and Things Designated "TDSF CONFIDENTIAL."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "TDSF CONFIDENTIAL" only to:

(a)     two in-house counsel designees, whose job responsibilities include litigation supervision and not the preparation or supervision of the preparation of patent applications, designated by the Receiving Party, who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A, and their paralegals, secretaries, and other legal support staff to whom disclosure is reasonably necessary.  The Receiving Party must identify the in-house counsel designees to the Producing Party and produce a signed copy of the "Acknowledgment and Nondisclosure Agreement" prior to the disclosure of any TDSF CONFIDENTIAL Designated Materials to the designee;

(b)     two in-house technical designees who were involved in the Project described in the TDSF Statement of Work and who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A. The Receiving Party must identify the in-house technical designees to the Producing Party and produce a signed copy of the "Acknowledgment and Nondisclosure Agreement" prior to the disclosure of any TDSF CONFIDENTIAL Designated Materials to the designee;

(c)     persons who appear on the face of the Designated Material as an author, addressee or recipient thereof;

(d)    Outside Counsel identified in Paragraph 10 above;

(e)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B, and who have been approved to access such Material as set forth in Paragraphs 28-31.

(f)    the Court and its personnel in this action;

(g)    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A;

(h)    court reporters; and

(i)    Professional Vendors (and their staffs) to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A.

24.    <u>Disclosure of Information, Documents and Things Designated "HIGHLY CONFIDENTIAL -ATTORNEYS AND CONSULTANTS ONLY."</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "HIGHLY CONFIDENTIAL -ATTORNEYS AND CONSULTANTS ONLY" only to:

(a)    two in-house counsel designees, whose job responsibilities include litigation supervision and not the preparation or supervision of the preparation of patent applications, designated by the Receiving Party, who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A, and their paralegals, secretaries, and other legal support staff to whom disclosure is reasonably necessary.  The Receiving Party must identify the in-house counsel designees to the Producing Party and produce a signed

copy of the "Acknowledgment and Nondisclosure Agreement" prior to the disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY Designated Materials to the designee;

(b)     persons who appear on the face of the Designated Material as an author, addressee or recipient thereof;

(c)     Outside Counsel identified in Paragraph 10 above;

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B, and who have been approved to access such Material as set forth in Sections 28-31.

(e)     the Court and its personnel in this action;

(f)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff who have signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A;

(g)     court reporters; and

(h)     Professional Vendors (and their staffs) to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Nondisclosure Agreement" attached hereto as Exhibit A.

25.     A person may be examined as a witness at a deposition, hearing or trial and may testify concerning CONFIDENTIAL, TDSF CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEYS AND CONSULTANTS ONLY Designated Material, and the information contained therein, as follows:

(a)     A present employee of a Party may be examined and may testify regarding CONFIDENTIAL, TDSF CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEYS AND CONSULTANTS ONLY Designated Material produced by that Party;

(b)  A past employee of a Party may be examined and may testify regarding CONFIDENTIAL, TDSF CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEYS AND CONSULTANTS ONLY Designated Material produced by that Party that pertains to the period(s) of employment of that employee by the Party; and

(c)  A present or former consultant to a Party may be examined and may testify regarding CONFIDENTIAL, TDSF CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEYS AND CONSULTANTS ONLY Designated Material produced by that Party that pertains to the subject matter of his or her consultation.

No witness may retain copies of any such Designated Material unless permitted by other provisions of this Order.

26.    All Designated Material shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.  Under no circumstance is Designated Material marked "HIGHLY CONFIDENTIAL ATTORNEYS AND CONSULTANTS ONLY" to be maintained on the premises of the Receiving Party unless it is maintained in a location to which only the in-house counsel designees identified in paragraphs 22(a), 23(a), and 24(a) and their legal support staff have access.

27.    At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.  To the extent reasonably possible, pre-trial (including motion practice before the Court) and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Designated Material.  Any Party intending to disclose or discuss Designated Material in

open Court during pretrial or trial proceedings shall provide written notice to the Designating Party at least seventy-two (72) hours prior to such disclosure.

### ACCESS BY OUTSIDE CONSULTANTS

28.   Notice.   If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the full name and professional address and/or affiliation of the Outside Consultant, (b) a current copy of the Outside Consultant's *curriculum vitae* or resume; (c) his or her prior employment or consultancies for the previous five years, (d) all of the person's other present employment or consultancies in the field, (e) all of the person's past litigation-related activities, identifying the party for whom the person consulted and the nature of the case; (f) any relationship between the person and any Party to this action, past or present; and (g) whether he or she has ever been found by any court, arbitrator, or other tribunal to have violated any court order.   The Notice shall also include declarations, in substantially the form attached hereto as Exhibits A and B, executed by the Outside Consultant and agreeing to be bound by the terms of this Protective Order.

29.   Objections.   The Designating Party shall have five (5) court days from receipt of such notice to object in writing (by fax and email) to such disclosure.   Any such objection must set forth in detail the grounds on which it is based.   After the expiration of the 5-day period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order.

30.   Meet and Confer. A Party that receives a timely written objection (as set forth in Paragraph 29) must meet and confer with the objecting Party to try to resolve the matter by agreement.   Approval by the objecting Party shall not be unreasonably withheld

31.  <u>Judicial Intervention.</u>  If no agreement is reached, the objecting Party may, within fifteen (15) court days following its objection, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant.  The burden of persuasion in any such motion shall be on the Party opposing disclosure to the Outside Consultant.  Designated Material shall not be disclosed to the Outside Consultant prior to the resolution of any such objection

## **PATENT PROSECUTION BAR**

32.  Designated Material of another party shall not be disclosed to any attorney or patent agent who is or will become involved, during the pendency of this litigation or within one (1) year after final disposition of this litigation, in the prosecution or filing of any U.S. or foreign patent applications that claim, disclose, describe, or relate to products, methods or systems that implement direct cooling by using the item to be cooled as an evaporator.

33.  The prosecution bar does not apply to any information contained in Designated Material that is in the public domain or known to the attorney or patent agent before his or her review of the Designated Material.  The prosecution bar applies only to individuals who actually review the Designated Material and does not apply to other attorneys or patent agents within the same firm as an attorney or patent agent who reviews such Designated Material.

34.  Any attorney or patent agent who, on behalf of a receiving party, actually reviews any Designated Material of another party shall not thereafter prosecute or file, on behalf any entity, during the pendency of this litigation or within one (1) year after final disposition of this litigation, any U.S. or foreign patent applications that claim, disclose, describe, or relate to products, methods or systems that implement direct cooling by using the item to be cooled as an evaporator.

/ / /

35.    This prosecution bar does not prohibit any attorney or patent agent from fully participating in reexamination proceedings initiated by an entity other than the patentee or assignee.  This prosecution bar applies to all other patent prosecution activities including, without limitation:  preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination proceedings initiated by the patentee or assignee, reissue, substitute, renewal or convention patent applications; claim drafting; and substantive consultation on any of the above matters with others performing these activities.

36.    Any party receiving Designated Material who believes in good faith that disclosure of such Designated Material to the United States Patent and Trademark Office (PTO) is required by 37 C.F.R. § 1.56 may disclose such Designated Material to the PTO using the confidential disclosure procedures set forth in Sections 724 - 724.06 of the Manual of Patent Examining Procedure. Any such disclosure shall be accompanied by a Petition to Expunge such Protected Material from the PTO's file in accordance with 37 C.F.R. § 1.59(b) and Section 724.05 of the Manual of Patent Examining Procedure.  At least ten (10) days prior to submission of Protected Material to the PTO, the submitting party shall provide written notice of the planned submission to the producing party.  The Producing Party may seek relief from this Court to prevent or otherwise restrict disclosure of the Material to the PTO.

## FILING DESIGNATED MATERIAL

37.    A Party may not file in the public record in this action any Designated Material without first obtaining written permission from the Designating Party.

38.    If a Party is unable to obtain written permission from the Designating Party, the filing party shall file in the public record a redacted

- 16 -

version of its filing and seek to have the Designated Material filed under seal in accordance with Local Rule 79-5.

39.   All Designated Material that is filed or lodged with the Court shall be filed or lodged in a sealed envelope on which shall be affixed a cover page. The cover page shall include the words "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" as appropriate and a legend substantially in the following form:

> This sealed container contains confidential materials generally identified as ["CONFIDENTIAL," "TDSF CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY"] pursuant to the Protective Order in *Advanced Thermal Sciences Corporation v. Applied Materials, Inc.,* Civ Action No. SACV 07-1384 JVS (JWJx) (CDCA-Southern Div.)  This envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside.

40.   **Unless otherwise ordered by the Court,** Designated Material used or disclosed in a court proceeding in connection with this litigation that is not made part of the public record shall not lose its Confidential Information status merely as a result of such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTIONS TO DESIGNATIONS

41.   <u>Timing of Objections.</u>  At any stage of these proceedings, any party may object to a designation of Designated Material, including deposition transcripts and portions therefore, as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS AND CONSULTANTS ONLY."

/ / /

42.    <u>Meet and Confer</u>.  A Party that challenges a Designating Party's confidentiality designation must do so in good faith and must begin the process by meeting and conferring with counsel for the Designating Party.

43.    <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged Designated Material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge or it is otherwise resolved by the parties, all parties shall continue to afford the Designated Material in question the level of protection to which it is entitled under the Designating Party's designation.

## <u>PROTECTED DESIGNATED MATERIAL SUBPOENAED, REQUESTED, OR ORDERED PRODUCED IN OTHER LITIGATION</u>

44.    If a Receiving Party, other than in the proceedings in this action, is served with (a) a subpoena or court order compelling or (b) a discovery request seeking disclosure of any information, documents, or things designated in this action as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY," the Receiving Party must so notify the Designating Party, in writing (by both fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena, discovery request, or order.  Such notification must include a copy of the subpoena, discovery request, or order.  The Receiving Party also must immediately inform in writing the person or entity who caused the subpoena, discovery request, or order to issue that some or all the Designated Material covered by the subpoena, discovery request, or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the person or entity in the other

action that caused the subpoena, discovery request, or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued or in the proceeding in relation to which the discovery request was propounded. The Designating Party shall bear the burdens and the expenses of seeking protection in that court or proceeding of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. However, a Receiving Party shall not, in response to any discovery request, disclose any Designated Materials designated in this action as "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" absent permission of the Designating Party or a lawful directive from a court.

### UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

45. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Nondisclosure Agreement" that is attached hereto as Exhibit A.

/ / /

/ / /

/ / /

/ / /

/ / /

### INADVERTENT PRODUCTION OF DESIGNATED MATERIAL SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT IMMUNITY, OR OTHER PRIVILEGE OR IMMUNITY

46.     Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).

47.     Upon receiving written notice from the producing party that Designated Material subject to a privilege or immunity has been inadvertently produced along with a supplemental privilege log identifying the Designated Material and the basis for the claims of privilege or immunity, the receiving party shall not copy or disseminate such Designated Material.  The receiving party shall return all originals and copies of the Designated Material (or certify in writing to their destruction) within fourteen (14) days of receiving the producing party's written request, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity.  If the receiving party believes it has a good faith basis for challenging the privilege claim, the receiving party may notify the producing party that it will retain one copy of such Designated Material for the limited purpose of submitting it under seal to the Court for review.  The parties shall meet and confer within five (5) business days regarding the dispute and if the parties are unable to resolve the dispute, the receiving party must either file a motion to compel within thirty (30) days after the meet and confer or return or destroy the last copy of the document.

48.     Once inadvertently produced material has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production.  Notwithstanding any other provision of this Order, failure to

provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced material only.

### DURATION

49.   Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.   All attorneys, vendors, consultants, and other persons that are shown Designated Material under the terms of this Protective Order shall submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

### FINAL DISPOSITION

50.   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms (*i*) that all Designated Material has been destroyed or returned, and (*ii*) that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Designated Material. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain

subject to this Order as set forth in Paragraph 49 (Duration), above. **The Court and its personnel are not subject to this or any other provision of this agreement.**

### **MISCELLANEOUS**

51.   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any such effort to modify the Order shall be made in the form of a written stipulation if agreed to by all Parties or by way of a noticed motion served and filed in accordance with statutory requirements and local court rules.

52.   <u>No Diminishing Of Existing Rights.</u>  This Order shall not diminish any existing obligation or right with respect to Designated Material, including evidentiary rights, the attorney-client privilege, work product protection, or comparable privileges, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

53.   <u>No Waiver.</u>  Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or does or does not embody trade secrets of any Party.   The procedures set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

54.   <u>No Probative Value.</u>  The recitals and terms of this Order are not factual or legal admissions regarding any substantive issues and shall not be admitted as evidence of any substantive fact or contention.  This Order shall not

abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Designated Material.  Designating Material under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall not prejudice the right of any Party to dispute whether particular information or material is or is not: (a) confidential; (b) entitled to a greater or lesser degree of protection than provided hereunder; or (c) relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all Parties, the fact that information has been designated "CONFIDENTIAL," "TDSF CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS AND CONSULTANTS ONLY" under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

55.   <u>Rendering Legal Advice To Clients.</u>  Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Designated Material obtained from another Party; provided, however, that in rendering such advice and in otherwise communicating with his is her client, the attorney shall not disclose the contents of any Designated Material obtained from another Party if that disclosure would be contrary to the terms of this Order.

56.   <u>Non-Applicability Of Restrictions.</u>  The restrictions as to use or dissemination of information, documents or things, set forth in this Order shall not apply as to any information that (a) at the time of the designation under this Order was generally available to the public; (b) after designation under this Order becomes available to the public through no act, or failure to act, attributable to the Receiving Party or its counsel; or (c) the Receiving Party, its counsel, or any recipient of Designated Material under this Order can show as a

matter of written record was already known to the Receiving Party through means other than misappropriation as defined in the California Uniform Trade Secrets Act or any violation of law.

57.     Notice.  Any notice or objection to be provided under this Order shall be provided by both facsimile and email as set forth below.  The first page of any such notice or objection shall use the caption for this action.

To Plaintiff:        Facsimile: (949) 760-9502 (Attn: Joseph Re and
                           Benjamin Katzenellenbogen);
                     Email: 2jrr@kmob.com; 2bak@kmob.com

To Defendant:     Facsimile: (650) 614-7401 (Attn: Michael Heafey and
                           Jan Ellard);
                     Email: mheafey@orrick.com; jellard@orrick.com

Any Party may modify its facsimile and email information by providing notice to the other Parties in accordance with this provision.

58.     Right to Protective Order.  Nothing in this Order shall prejudice the rights of the parties to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this order.

59.     No Admission of Discoverability.  This Order shall not prejudice the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.  The existence of this Order shall not be used by either party as a basis for seeking discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

///

1    / / /

2         60.    Modification of Order.  This Order may be modified by agreement

3    of the parties, subject to approval by the Court.

4

5    **IT IS SO ORDERED.**

6    Dated:  September 10, 2008          _____/s/_____

7                                        THE HONORABLE JEFFREY W. JOHNSON
                                         UNITED STATES DISTRICT COURT
8                                        MAGISTRATE JUDGE

9    Presented by:

10   KNOBBE, MARTENS, OLSON & BEAR, LLP

11   By:  s/Benjamin A. Katzenellenbogen___
          Joseph R. Re
12        Benjamin A. Katzenellenbogen
          Colin B. Heideman
13
     JACKSON DEMARCO TIDUS PECKENPAUGH
14   Ryan M. Patch (State Bar No. 128,042)
     rpatch@jdtplaw.com
15   2030 Main Street, 12th Floor
     Irvine, CA 92614
16   Telephone:  (949) 752-8585
     Facsimile:  (949) 752-0597
17
     SQUIRE, SANDERS & DEMPSEY L.L.P.
18   Steven A. Lamb (State Bar No. 132,534)
     slamb@ssd.com
19   555 South Flower Street, 31st Floor
     Los Angeles, CA 90071
20   Telephone:  (213) 624-4500
     Facsimile:  (213) 623-4581
21
     Attorneys for Plaintiff/Counterdefendant, ADVANCED
22   THERMAL SCIENCES CORPORATION

23

24

25   5235163_8
     051508

26

27

28

                                        - 25 -

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have been provided with and have read the Stipulated Protective Order regarding confidentiality in <u>Advanced Thermal Sciences Corporation v. Applied Materials, Inc.</u>, Civil Action No. SACV 07-1384 JVS (JWJx).

I expressly agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order and I agree to be bound by its terms as ordered by the Court.  I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the Court, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.


Dated:_____          By:_____

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Southern Division, on _____ **[date]** in the case of  Advanced Thermal Sciences Corporation v. Applied Materials, Inc., Civil Action No. SACV 07-1384 JVS (JWJx) (the "Action"), and that I have executed an "Acknowledgment And Agreement To Be Bound By Protective Order."

I further certify that I am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Material marked by the opposing Party as "ATTORNEYS AND CONSULTANTS ONLY" unless and until the Parties agree or the Court orders otherwise. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.


Date: _____


City and State where sworn and signed: _____


_____          _____

[Printed Name]                              [Signature]

- 27 -