G. HOPKINS GUY, III (SBN 124811)
hopguy@orrick.com
ROBERT E. FREITAS (SBN 80948)
rfreitas@orrick.com
MICHAEL F. HEAFEY (SBN 153499)
mheafey@orrick.com
DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
DEBORAH FISHMAN (SBN 197584)
dfishman@orrick.com
SIDDHARTHA VENKATESAN (SBN 245008)
svenkatesan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for Defendant and Counterclaimant
APPLIED MATERIALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

ADVANCED THERMAL SCIENCES CORPORATION,

Plaintiff,

v.

APPLIED MATERIALS, INC.,

Defendant.

APPLIED MATERIALS, INC.,

Counterclaimant,

v.

ADVANCED THERMAL SCIENCES CORPORATION,

Counterdefendant.

Case No. 8:07-CV-1384 (JVS) (JWJ)

**APPLIED MATERIALS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Judge: Hon. James V. Selna

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. ATS' Petition Violates The Court's Standing Order ..... 2

B. ATS Fails To Apply The Correct Legal Standard ..... 2

C. ATS Has Not Established Immediate Irreparable Harm ..... 3

1. ATS Has Not Established That Any Infringers Exist ..... 3

2. ATS Has Not Established That A Shorter Patent Term Is Irreparable Injury ..... 4

3. ATS' Argument That The Patent Office May Reject Claims Is Speculative ..... 5

a. ATS Suggests Applied Ignore Its Duty of Candor ..... 5

b. ATS Invites Applied To Violate Its Duty Of Candor And Not Produce All Information Material To Patentability To The Patent Office ..... 5

4. ATS Has Not Established Immediacy ..... 6

5. ATS Has Not Established Any Factual Basis For Immediate Irreparable Harm ..... 6

D. ATS Seeks To Capture Intellectual Property To Which It Has Not Established It Is Entitled ..... 7

E. ATS Has Not Established Other Elements Of A TRO ..... 9

1. ATS Has Not Established Likely Success On The Merits ..... 9

2. The Equities Balance In Applied's Favor ..... 10

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Cybernetic Servs., Inc.*, 252 F.3d 1039 (9th Cir. 2001) .......... 9

*Dahl v. HEM Pharms., Corp.*, 7 F.3d 1399 (9th Cir. 1993) .......... 2, 3, 6, 10

*GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199 (9th Cir. 2000) .......... 5

*Golden Valley Microwave Foods v. Weaver Popcorn Inc.*, 837 F. Supp. 1444 (N.D. Ind. 1992) *aff'd* .......... 6

*Marlyn Nutraceuticals v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009) .......... 3, 6, 10

*McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010) .......... 3

*Montano v. Eagle III Diversified*, 2002 U.S. Dist. LEXIS 10840 (C.D. Cal. Jan. 10, 2002) .......... 6

*Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331 (Fed. Cir. 2003) .......... 2, 3

*Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies*, 970 F.2d 273 (7th Cir. 1992) .......... 5

*Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372 (Fed. Cir. 2000) .......... 9, 10

*Waterman v. Mackenzie*, 138 U.S. 252, 11 S. Ct. 334 (1891) .......... 9

*Winter v. Natural Resources Defense Council*, 555 U.S. __, 129 S. Ct. 365 (2008) .......... 2, 3

## FEDERAL STATUTES

35 U.S.C. § 261 .......... 8

37 C.F.R. § 1.56 .......... 5

## I. INTRODUCTION

Advanced Thermal Sciences, Inc.'s ("ATS") petition for a temporary restraining order ("TRO") fails to establish any immediate irreparable harm and fails for at least three additional fundamental reasons:

1. it violates this Court's standing order on *ex parte* applications;
2. it is not supported by any evidence under oath establishing an actual, immediate, and irreparable injury; and
3. it seeks a mandatory restraining order but does not meet the heightened burden of a mandatory order.

Applied Materials, Inc. ("Applied") has acted to preserve the status quo since trial and awaits the Court's decision on the ownership of Applied's ten pending patent applications. Applied has acted to comply with its own duty of candor by recently supplying litigation and ownership status information to the Patent Office. Without addressing the enormous legal burden it carries, ATS would have this Court issue a mandatory TRO – a restraining order that the Ninth Circuit disfavors and requires close scrutiny – ordering Applied to upset the status quo.

ATS' petition seeks to force the immediate issuance of certain Applied patent applications, however, this would forever prevent this Court from deciding ownership on a claim-by-claim basis for which ATS has argued. After issuance, the award of joint ownership of even a single claim to ATS by this Court would simply grant ATS ownership of the entire patent. ATS' petition seeks a post-trial TRO for no purpose other than to expropriate intellectual property to which it has not established it is entitled.

ATS grounds its petition on mere speculation of irreparable harm that somewhere, someone might be infringing the Applied patent applications. When asked, ATS could not name even one potential infringer. ATS admits that it has not investigated possible infringers. ATS offers no sworn evidence that the Applied applications are infringed and offers no evidence of loss of market share or client

relationship that typically constitutes irreparable harm.

## II. ARGUMENT

ATS' petition violates the Court's standing order and fails to meet its heightened burden. In addition, ATS' petition fails on the traditional elements required for a TRO. Most significantly, ATS has not established any potential irreparable harm. Fundamentally, ATS' petition is an attempt to obtain joint ownership over the entirety of the Applied applications.

### A. ATS' Petition Violates The Court's Standing Order

ATS' petition violates this Court's standing order that *ex parte* applications should be used with discretion and only for the most extraordinary and extreme situations. Standing Order of Hon. James V. Selna regarding procedures and schedules at ¶ 6. ATS' petition seeks an order compelling Applied to act as a "constructive trustee" regarding the ten Applied patent applications. There is, however, no reason ATS could not have made this request before the trial, or as a part of the trial, or in the five months since trial.

### B. ATS Fails To Apply The Correct Legal Standard

ATS' petition states the traditional factors for a TRO. ATS Memorandum, 2:28 – 3:4 (citing *Winter v. Natural Resources Defense Council*, 555 U.S. at ___, 129 S. Ct. 365, 374 (2008); *Oakley, Inc. v. Sunglass Hut Int'l,* 316 F.3d 1331, 1338-39 (Fed. Cir. 2003)). ATS, however, failed to address the higher burden of the extraordinary relief it seeks.

"ATS requests that the Court order Applied to take specific action as a constructive trustee." ATS Memorandum, 1:26-27. Orders 1, 2, 4, 5, and 6 all require Applied to take specific action. ATS' Proposed TRO, 1:18- 2:13. Restraining orders that compel action are mandatory restraining orders and are "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms., Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Mandatory restraining orders require a showing by ATS beyond

the requirements of *Winter*. *Winter*, 555 U.S. at ___, 129 S. Ct. at 374.

> A mandatory injunction goes well beyond simply maintaining the *status quo [p]endent lite* [and] is particularly disfavored. . . . . In general, mandatory injunctions 'are not granted unless <u>extreme or very serious damage will result</u> and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages'.

*Marlyn Nutraceuticals v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotes and citations omitted).

ATS does not cite or address these precedents. *Dahl* and *Marlyn* establish that where, as here, the petitioner seeks a restraining order to compel a party to act – thereby upsetting the status quo – a heightened burden is warranted. ATS' failure to apply the correct standard alone compels denial of its petition.

**C. <u>ATS Has Not Established Immediate Irreparable Harm</u>**

Even under the test for a prohibitory TRO, ATS has failed to carry its burden. *Winter*, 555 U.S. at ___, 129 S. Ct. at 374; *Oakley*, 316 F.3d at 1338-39.

ATS has not established that it will be irreparably harmed. <u>Immediate</u> irreparable harm is an absolute requirement that ATS must establish. *McDermott v. Ampersand Pub., LLC,* 593 F.3d 950, 957 (9th Cir. 2010) (citing *Winter,* 555 U.S. at ___, 129 S. Ct. at 375). ATS only makes three inadequate speculative arguments alleging injury:

1) there may be infringers of the claims of the Applied applications;
2) the Patent Office might reject the claims; and
3) the effective term of the patent may be shortened.

None of these arguments has merit, and ATS is still attempting to overturn the status quo.

**1. <u>ATS Has Not Established That Any Infringers Exist</u>**

ATS argues that mere speculation that a third party may be using the claimed

technology of the Applied applications creates irreparable injury. ATS' argument does not establish immediate irreparable injury because it is based on speculation. ATS offers no sworn statement or evidence supports this claim. Declaration of Benjamin A. Katzenellenbogen In Support Of ATS' Application ("hereinafter, "Katzenellenbogen Decl."). ATS never states that a third party is actually infringing any claim of the Applied applications. ATS only states:

> To the extent that someone <u>may be currently using the technology claimed in the Applied Applications</u>, the owners of the Applied Applications will not be able to recover damages for such use that occurs before the patents issue.

ATS Memorandum, 6:15-19.

On April 21, shortly before ATS filed its petition, ATS' counsel Mr. Katzenellenbogen telephoned Applied's counsel Hopkins Guy. Mr. Guy raised the issue of potential infringers to Mr. Katzenellenbogen. In response to direct questions from Mr. Guy, Mr. Katzenellenbogen stated that he had "not investigated" potential infringers. Declaration of G. Hopkins Guy, III In Support Of Applied's Opposition, ¶ 1 (hereinafter, the "Guy Decl."). Although he provided the Court with a declaration, Mr. Katzenellenbogen failed to include any testimony that he knew of any potential infringers. Mr. Katzenellenbogen also failed to be forthcoming with the Court by including that he had not investigated potential infringers.

**2. ATS Has Not Established That A Shorter Patent Term Is Irreparable Injury**

In the vast majority of issued patents, the patent term is limited to 20 years from filing regardless of issuance. For the Applied applications, expiration is in October 2026. As ATS has not even investigated possible infringers, any shortening of the patent term is irrelevant and any claim of harm is purely speculative. Guy Decl., ¶ 1.

**3. ATS' Argument That The Patent Office May Reject Claims Is Speculative**

ATS speculates that it might be irreparably harmed if the Patent Office keeps reviewing prior art and rejects or narrow the claims. ATS Memorandum, 5:8-11.

**a. ATS Suggests Applied Ignore Its Duty of Candor**

ATS' argument is that prosecution of the Applied applications should be hurried so that claims that are otherwise invalid might be pushed past the Patent Office. ATS argues that it will be irreparably harmed because it cannot obtain invalid claims. Merely stating ATS' argument is enough to defeat it. As a TRO is equitable, the Court may deny ATS' petition based only on ATS' unclean hands here. *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies*, 970 F.2d 273, 281 (7th Cir. 1992); see also *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209-10 (9th Cir. 2000).

**b. ATS Invites Applied To Violate Its Duty Of Candor And Not Produce All Information Material To Patentability To The Patent Office**

In addition, Applied has an affirmative obligation to provide relevant prior art to the Patent Office as well as an affirmative obligation to provide the Patent Office with information relating to the status of the litigation, ownership and invention. 37 C.F.R. § 1.56. These duties continue through prosecution until issue. So long as ownership is in question, which it is at least until the Court issues a decision, Applied must keep the Patent Office informed of the status of the litigation.

Applied's duty runs to all information "material to patentability" and includes prior art and ownership. 37 C.F.R. § 1.56; Manual of Patent Examining Procedure 2005 (hereinafter, "MPEP"). Should Applied fail to make these disclosures, any patent that issued from the Applied applications is potentially unenforceable for inequitable conduct. Indeed, all patents that may issue from the Applied applications would potentially be unenforceable if Applied failed to make the

proper disclosures in any one of them. It would also be potential inequitable conduct for Applied to bury relevant prior art in a stack of materials. *Golden Valley Microwave Foods v. Weaver Popcorn Inc.*, 837 F. Supp. 1444, 1477 (N.D. Ind. 1992) *aff'd.* 11 F.3d 1072 (Fed. Cir. 1993). ATS' argument is an invitation to inequitable conduct.

### 4. ATS Has Not Established Immediacy

The Applied applications have been pending in the Patent Office for approximately four years. For more than a year, Applied has filed Requests For Continued Examination to provide prior art and litigation information to the Patent Office. Guy Decl., ¶ 3. Applied has maintained the status quo through trial and pending the decision of this Court, and has met its duty of candor.

ATS offers no explanation for why it has waited months, even years, to act. ATS offers no explanation for how a continuation of the status quo would irreparably harm it in the immediate future compared to the last several months. ATS has not established that a continuation of the status quo will damage it to the heightened level required. *Dahl*, 7 F.3d at 1403; *Marlyn*, 571 F.3d at 879.

All ATS offers is that two of the Applied applications have issue fees due in the week after April 21, 2010. ATS does not explain why April 21, 2010 is different than the seven times since January 2009 where Applied has declined to pay issue fees relating to the Applied applications and instead filed requests for continued examination. ATS has no explanation and cannot establish immediate irreparable harm. The Court must deny ATS' petition. *Montano v. Eagle III Diversified*, 2002 U.S. Dist. LEXIS 10840, *19-20 (C.D. Cal. Jan. 10, 2002).

### 5. ATS Has Not Established Any Factual Basis For Immediate Irreparable Harm

ATS has proffered no facts to support its argument for irreparable harm. ATS provide no declaration under oath by any of its officers or employees as to any fact that would establish irreparable harm. ATS has only offered the declaration of

its counsel Benjamin Katzenellenbogen. Mr. Katzenellenbogen's declaration, however, only attaches documents; it does not state facts or averments of irreparable harm. Katzenellenbogen Decl.

The only alleged facts that ATS presents appear in its memorandum. In addition to speculation, these alleged facts are attorney argument.

As ATS has provided absolutely no facts to establish irreparable harm, its petition must be denied.

### D. ATS Seeks To Capture Intellectual Property To Which It Has Not Established It Is Entitled

Throughout this litigation, ATS has argued that ownership of the Applied applications must be decided on a claim-by-claim basis. In its opposition to Applied's motion for summary adjudication regarding the Applied applications, ATS included the title:

> ATS' Requested Declaration Requies [sic] A Claim-By-Claim Analysis Of The Subject Matter Claimed in the Applied Applications.

ATS Opposition To MSJ On Ownership, 4:19-20. In its argument, ATS stated:

> Each of the Applied Applications claims numerous inventions, and it is possible that one claim may be ATS' Pre-Existing IP, while another claim in the same application may claim Jointly Developed IP, or even Applied's Developed IP.

ATS Opposition To MSJ On Ownership, 5:2-4. Consideration of the Applied applications on a claim-by-claim basis was presented at trial, and the Court has the equitable authority to craft a remedy.[1]

ATS' petition is a transparent attempt to expropriate an interest in the entirety of the Applied applications. ATS Opposition To MSJ On Ownership, 5:2-4. ATS fears that the Court may find that at least some of the claims of the Applied

---

[1] A determination that the claims relate to "Applied Equipment" may supersede this analysis.

applications are Applied Equipment solely owned by Applied and in which ATS has no interest. If ATS can force the issuance of the Applied applications, then ATS would obtain a joint interest in the entirety of any Applied application including claims that the Court awards to Applied alone.

If the Court were to rule that ATS had an interest in some, but not all, of the claims of an Applied application and that application has not yet issued, then the claims to which ATS does not have an interest may be separated into a continuation application. Two patents would issue; one patent owned solely by Applied and the other jointly owned by Applied and ATS. The first patent would have the claims to which only Applied contributed or claim Applied Equipment. ATS would have no interest in this patent. The second patent would contain the claims to which ATS has an interest, and ATS would have an undivided interest in that patent.

Alternatively, if the Court should rule that ATS has an interest in some, but not all of the claims of an Applied application and that Applied application has already issued, then ATS would have an undivided interest in the entire patent including the claims to which the Court found it has no interest.

Patents only issue to inventors who are natural persons. For a corporation to own a patent, the inventors must assign the patent. The assignment statute states in part:

> Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States.

35 U.S.C. § 261. Though the statute appears broad, the Supreme Court has ruled that assignment may only take place in one of three ways:

1) assignment of the entire interest in a patent;

2) assignment of a partial, undivided interested in the patent; or

3) total assignment of the patent restricted within a particular geographic region of the United States.

*Waterman v. Mackenzie*, 138 U.S. 252, 255, 11 S. Ct. 334 (1891); MPEP, 301 (II & IV). Though 119 years old, *Waterman* is binding authority. Both the Federal Circuit and Ninth Circuit have recently cited it as precedential. *In re Cybernetic Servs., Inc.,* 252 F.3d 1039, 1049 (9th Cir. 2001); *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).

**E. ATS Has Not Established Other Elements Of A TRO**

**1. ATS Has Not Established Likely Success On The Merits**

ATS must establish likely success by establishing that it has an interest in all claims of the Applied applications. Should ATS fail to establish an interest in all claims, then it would potentially be expropriating claims to which it is not entitled. ATS has not attempted to establish an interest in all claims. The most ATS argues is that it will likely succeed in establishing an interest in "at least one claim":

> Although the Court has not yet issued its decision, ATS presented abundant evidence at trial establishing that it made an "inventive or creative contribution" to at least one claim in each of the Applied Applications.

ATS Memorandum, 3:18-21. ATS does not argue that it will succeed on all claims because it cannot. ATS has admitted, and the Court has found, that ATS has not interest in most of the claims of the Applied applications. Deposition Transcript of Bryan Christoffersen dated April 17, 2009, 47:12-25; Deposition of William Cowans dated April 2, 2009, 325:13-400:13; Order Denying Defendant's Motion for Summary Judgment on Plaintiff's Second Claim for Declaratory Judgment of Ownership at 9.

In addition, ATS never addresses the Parties Joint Development Agreement and TDSF Statement of Work. As the Court has already found, where these claims are claims to Applied Equipment, Applied has absolute ownership of the claims.

*Id*.

In view of the Court's findings and ATS' failure to even attempt to carry its burden, ATS has not established likely success on the merits.

**2. The Equities Balance In Applied's Favor**

There is no doubt that the balance of the equities favor Applied. ATS has not cited much less addressed its nearly insurmountable burden. *Dahl*, 7 F.3d at 1403; *Marlyn*, 571 F.3d at 879. That burden alone shifts the balance in favor of Applied. The balance is even more in Applied's favor in view of ATS' utter failure to provide any evidence or meritorious argument on irreparable harm. The final nail in ATS' coffin, however, is the effect of granting its petition. ATS would obtain rights to intellectual property that the parties' contracts and the Court's order deny it.

## III. CONCLUSION

For the reasons stated above, Applied respectfully requests that the Court deny ATS' petition for a temporary restraining order.

Dated: April 22, 2010

G. HOPKINS GUY, III
ROBERT E. FREITAS
MICHAEL F. HEAFEY
DENISE M. MINGRONE
DEBORAH FISHMAN
SIDDHARTHA VENKATESAN
Orrick, Herrington & Sutcliffe LLP

*/s/ G. Hopkins Guy, III /s/*
G. HOPKINS GUY III
Attorneys for Defendant and Counterclaimant
Applied Materials, Inc.

OHS West:260901652.1