JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ADVANCED THERMAL SCIENCES CORPORATION, a Delaware Corporation | Civil Action No. SACV 07-1384 JVS (JWJx) |
| Plaintiff, | **JUDGMENT** |
| v. | |
| APPLIED MATERIALS, INC., a Delaware Corporation, | The Honorable James V. Selna |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

This action was tried before this Court, the Honorable James V. Selna, United States District Court Judge, presiding, on November 10-20, 2009.  On May 18, 2010, the Court issued its Findings of Fact and Conclusions of Law in which this Court resolved all claims and defenses not previously resolved by motion.  This Judgment is based on those Findings of Fact and Conclusions of Law and the following Court Orders deciding pretrial motions filed by Plaintiff Advanced Thermal Sciences Corporation ("ATS") and Defendant Applied Materials, Inc. ("AMI"):

- Order Granting in Part Defendant's Motion to Dismiss [Doc. No. 40];

- Order Granting in Part ATS's Motion for Summary Judgment re Inventorship [Doc. No. 352];

- Order Granting Defendant's Motion for Summary Adjudication re Damages [Doc. No. 548];

- Order Granting Defendant's Motion for Summary Judgment re Fraud [Doc. No. 549];

- Order Granting Plaintiff's Motion for Relief from the Court's June 20, 2008 Scheduling Order; Leave to Amend its Complaint; and Entry of Judgment of Correct Inventorship [Doc. No. 554];

- Order Granting Plaintiff's Motion for Partial Summary Judgment as to AMI's 4th, 6th & 8th Counterclaims [Doc. No. 557];

- Order Granting in Part Plaintiff's Motion for Summary Judgment as to ATS's 2nd Claim and AMI's 1st and 2nd Counterclaims [Doc. No. 558]; and

- Order re Clarification of October 2, 2009 Summary Judgment Order [Doc. No. 678].

The Court HEREBY ORDERS, ADJUDGES AND DECLARES:

1.    On ATS's Second Claim for Relief for a declaration of contract rights regarding the ownership of the parties' respective patents and patent

- 1 -

applications, the Court declares:

    a. ATS is the sole owner of U.S. Patent No. 7,178,353 ("the '353 patent"), U.S. Patent No. 7,415,835 ("the '835 patent"), and U.S. Patent Application No. 11/591,465 ("the '465 application");

    b. ATS employees made an inventive and creative contribution under the parties' Joint Development Agreement ("JDA") to the subject matter claimed in each of the Jointly Owned Applications[1] as originally filed by AMI;

    c. ATS owns a one-half undivided interest in the Jointly Owned Applications;

    d. AMI owns a one-half undivided interest in the Jointly Owned Applications; and

    e. ATS is the sole owner of the patent applications that will contain the patent claims that were originally included in the Jointly Owned Applications and have since been substantially amended or cancelled by AMI.  ATS has the sole right to control any further prosecution of those applications and claims, including the right to amend an application, provided that ATS shall not propose any amendment which expands the subject matter of the application

---

[1] In this Judgment, the Court refers to the following AMI filed patent applications collectively as the "Jointly Owned Applications": U.S. Patent Application No. 11/408,559 ("the '559 application"), U.S. Pat. Application No. 11/408,558 ("the '558 application"), U.S. Pat. Application No. 11/408,567 ("the '567 application"), as U.S. Pat. Application No. 11/409,183 ("the '183 application"), U.S. Pat. Application No. 11/409,184 ("the '184 application"), U.S. Pat. Application No. 11/409,326 ("the '326 application"), U.S. Pat. Application No. 11/409,292 ("the '292 application"), U.S. Pat. Application No. 11/408,333 ("the '333 application"), U.S. Pat. Application No. 11/410,782 ("the '782 application"), and U.S. Pat. Application No. 11/410,859 ("the '859 application").

without complying with the JDA.

2.     On ATS's Fourth Claim for Relief for breach of contract, AMI breached the parties' JDA and ATS is awarded $ 355,300 in damages for AMI's breach, plus prejudgment interest from the date ATS filed this lawsuit (November 29, 2007), through entry of Judgment, at a rate of 10% per year ($ 97.34 per day).   As of July 6, 2010, the total amount of the Judgment is $447,676, consisting of $355,300 in principal and $92,376 in interest (949 days @ $97.34 per day).

3.     On ATS's Fifth Claim for Relief for a declaration of inventorship under 35 U.S.C. § 256 regarding the '353 patent and the '835 patent, the Court declares that the inventors currently named on the '353 patent and the '835 patent are the sole and exclusive inventors of the subject matter claimed therein.

4.     On ATS's Sixth Claim for Relief for fraud, ATS shall take nothing from AMI.  AMI did not defraud ATS in executing the parties' JDA, as alleged in ATS's Sixth Claim for Relief.

5.     On AMI's First Counterclaim for breach of contract, AMI shall take nothing from ATS.  ATS did not breach the parties' JDA, as alleged in AMI's First Counterclaim.

6.     On AMI's Second Counterclaim for a declaration of ownership regarding ATS's '353 patent, '835 patent, and '465 application, the Court declares:

     a.     The '353 patent, '835 patent, and the '465 application do not claim any Jointly Developed IP or Applied Developed IP; and

     b.     AMI has no ownership interest in the '353 patent, the '835 patent, or the '465 application.

7.     On AMI's Third and Eighth Counterclaims for unjust enrichment, AMI shall take nothing from ATS.  ATS has not been unjustly enriched, as

alleged in AMI's Third and Eighth Counterclaims.

8. On AMI's Fourth Counterclaim for unfair competition, AMI shall take nothing from ATS. ATS did not engage in unfair competition, as alleged in AMI's Fourth Counterclaim.

9. On AMI's Fifth Counterclaim for a declaration regarding ownership, the Court declares:

      a. The existing physical DX-01 chillers units are jointly owned by the parties, and each party has an undivided one-half ownership interest therein; and

      b. The existing physical chiller units bearing the designation "PX-7," including the "prober/handler units" and the "Samsung unit," are not Jointly Developed IP, and are solely owned by ATS.

10. On AMI's Sixth Counterclaim for breach of contract, AMI shall take nothing from ATS. ATS did not breach the parties' JDA, as alleged in AMI's Sixth Counterclaim.

11. On AMI's Seventh Counterclaim for breach of the implied covenant of good faith and fair dealing, AMI shall take nothing from ATS. ATS did not breach any implied covenant of good faith and fair dealing in the parties' JDA, as alleged in AMI's Seventh Counterclaim.

12. The Court defers determination of the prevailing party, and will take up the issue on AMI's separate motion and/or in the context of the award to fees and costs. Pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54, ATS shall submit any request for attorneys' fees, costs, and/or expenses within 30 days from the date of entry of this Judgment.

13. All other claims, counterclaims and affirmative defenses not specifically addressed above are, or have been, dismissed, including without limitation ATS's First Claim for Relief, ATS' Third Claim for Relief, and that portion of ATS's Fifth Claim for Relief seeking a declaration of invenstorship

1  under 35 U.S.C. 11 with respect to the '465 application.

2  ## ORDER AND INJUNCTION

3  As a result of the above rulings and decisions on each of the parties

4  claims and defenses, and in order to give effect to each of those rulings and

5  decisions, the Court HEREBY ORDERS the following:

6  14.   AMI shall, within 21 days of entry of this Judgment:

7  a. Record with the Patent Office an assignment reflecting ATS's one-

8  half undivided interest in the Jointly Owned Applications; and

9  b. To the extent it has not already done so pursuant to the Court's

10  Minute Order of May 25, 2010 (Docket No. 890), disclose to the

11  Patent Office, with respect to each of the Jointly Owned

12  Applications, all documents that AMI believes may be material to

13  patentability of the Jointly Owned Applications, including all such

14  documents relating to this litigation.

15  15.   AMI shall not file any Request for Continued Examination of the

16  Jointly Owned Applications with the U.S. Patent & Trademark Office (PTO)

17  unless it believes in good faith that its duty of candor to the PTO requires the

18  filing.

19  16.   If either party controls the prosecution of any of the Jointly Owned

20  Applications, that party shall do so as a constructive trustee on behalf of the

21  other party and shall provide the other party with copies of any proposed

22  submissions to the Patent Office at least 5 days before submitting the papers to

23  the Patent Office.

24  17.   With regard to the claims that AMI has abandoned in the Jointly

25  Owned Applications, unless ATS consents to an alternative procedure, which

26  AMI may propose in writing to ATS within 10 days, AMI shall, within 28 days

27  of this Judgment:

28  a. File a continuation application from the '559 application containing

Claims 1-18 as originally filed;

   b.  File a continuation application from the '183 application containing Claims 1-7 as originally filed;

   c.  File a continuation application from the '292 application containing Claims 1-20 as originally filed;

   d.  File a continuation application from the '333 application containing Claims 3-12 as originally filed;

   e.  File a continuation application from the '782 application containing Claims 1-18 as originally filed; and

For each of these continuation applications, AMI shall assign AMI's entire right and interest in the continuation application to ATS, record the assignment with the Patent Office, and take any additional steps necessary to transfer ownership and control of the continuation application to ATS.

   18.  AMI shall, within 35 days of entry of this Judgment, file and serve a written report to the Court setting forth in detail the manner and form in which AMI has complied with Paragraphs 14 and 17 of this Order and Injunction.

   19.  Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter this document as the Judgment in this action.

Dated:  July 6, 2010

_____
The Honorable James V. Selna
United States District Judge

Presented by:

KNOBBE, MARTENS, OLSON & BEAR, LLP

- 6 -

By: _____

     Joseph R. Re
     Jon W. Gurka
     Benjamin A. Katzenellenbogen
     Colin B. Heideman

KATTEN MUCHIN ROSENMAN LLP
Steven A. Lamb (State Bar No. 132,534)
steven.lamb@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  (310) 788-4400
Facsimile:  (310) 712-8257

Attorneys for Plaintiff / Counterdefendant
ADVANCED THERMAL SCIENCES
CORPORATION

9074737_6
052710